James L. Arrasmith, Esq., SBN # 332498
The Law Offices of James L. Arrasmith
5150 Sunrise Boulevard, Suite G-1
Fair Oaks, CA 95628
Telephone: (916)-704-3009
Email: james@jlegal.org

Attorney for Plaintiff
RONALD O. BROKENBROUGH

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD O. BROKENBROUGH** | **Case No.:** |
| **PLAINTIFF,** | **COMPLAINT FOR:** |
| v. | **1. PATENT INFRINGEMENT (35 U.S.C. § 271)** |
| **DEFENDANTS,** | **2. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| **DAVISON DESIGN & DEVELOPMENT, INC.,** | **3. BREACH OF CONTRACT** |
| a Pennsylvania Corporation; | **4. BREACH OF IMPLIED** |
| **BLACKSTONE** | **COVENANT OF GOOD FAITH AND** |
| **PRODUCTS, INC., a Utah Corporation;** | **FAIR DEALING** |
| **NORTH ATLANTIC IMPORTS, LLC, a Utah** | **5. UNJUST ENRICHMENT** |
| **Limited Liability Company; CHAR-BROIL** | **6. CONVERSION** |
| **DIVISION OF W.C. BRADLEY CO., a** | **7. FRAUD** |
| **Georgia Corporation; and DOES 1-20, inclusive,** | **8. NEGLIGENT MISREPRESENTATION** |
| | **9. UNFAIR COMPETITION (15 U.S.C. § 1125(A))** |
| | **10. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200)** |
| | **DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT:

COMES NOW Plaintiff RONALD O. BROKENBROUGH ("Plaintiff" or "Brokenbrough"), by and through his attorney James L. Arrasmith of The Law Offices of James L. Arrasmith, and hereby alleges as follows against Defendants DAVISON DESIGN & DEVELOPMENT, INC. ("Davison"), BLACKSTONE PRODUCTS, INC. ("Blackstone"), NORTH ATLANTIC IMPORTS, LLC ("North Atlantic"), CHAR-BROIL DIVISION OF W.C. BRADLEY CO. ("Char-Broil"), and DOES 1-20 (collectively, "Defendants"):

## I.    NATURE OF THE ACTION

1. This is a civil action seeking damages, injunctive relief, and other appropriate remedies arising from Defendants' wrongful appropriation, infringement, and commercialization of Plaintiff's proprietary invention and intellectual property related to a portable cooking station with interchangeable cooking surfaces and innovative grease management system.

2. In 2009-2010, Plaintiff invented a revolutionary "Portable Cooking Station" featuring multiple interchangeable cooking surfaces, folding legs for portability, and dual power capability (electric and gas). This invention represented a significant advancement in outdoor cooking technology.

3. Plaintiff engaged Defendant Davison to develop and commercialize his invention, paying approximately $11,640 over several years and entering into confidentiality agreements and development contracts.

4. Defendants have wrongfully appropriated Plaintiff's invention and design concepts, incorporating them into commercially successful products including the Blackstone griddle line, which has generated millions in revenue while denying Plaintiff any compensation or recognition.

5. This action seeks to remedy Defendants' unlawful conduct and recover damages for their unauthorized use of Plaintiff's intellectual property.

COMPLAINT

## II.    <u>PARTIES</u>

6.  Plaintiff RONALD O. BROKENBROUGH is an individual residing in Sacramento County, California, at 7637 McMullen Way, Sacramento, CA 95828.

7.  Defendant DAVISON DESIGN & DEVELOPMENT, INC. is a Pennsylvania corporation with its principal place of business at 595 Alpha Drive, Pittsburgh, Pennsylvania 15238. Davison is engaged in the business of product development and invention services.

8.  Defendant BLACKSTONE PRODUCTS, INC. is a Utah corporation with its principal place of business in Logan, Utah. Blackstone manufactures and sells outdoor cooking equipment, including griddles and cooking stations.

9.  Defendant NORTH ATLANTIC IMPORTS, LLC is a Utah limited liability company with its principal place of business in Logan, Utah. North Atlantic is the parent company or affiliate of Blackstone Products and is engaged in the manufacture and distribution of outdoor cooking equipment.

10. Defendant CHAR-BROIL DIVISION OF W.C. BRADLEY CO. is a Georgia corporation with its principal place of business at 1333 Belfast Avenue, Columbus, Georgia 31904. Char-Broil manufactures and distributes outdoor cooking equipment and was identified by Davison as a target corporation for Plaintiff's invention.

11. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants DOES 1 through 20, inclusive, is somehow liable to Plaintiff for the damages alleged herein. Plaintiff will amend this Complaint to state the true names and capacities of said Defendants when the same have been ascertained.

## III.    <u>JURISDICTION AND VENUE</u>

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under the trade secret laws of the United States (18 U.S.C. § 1836), copyright laws of the United States (17 U.S.C. § 501),

patent laws of the United States (35 U.S.C. § 256), and federal trademark and unfair competition laws (15 U.S.C. § 1125(a)).

13. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) as they form part of the same case or controversy.

14. This Court has personal jurisdiction over Defendants as they have conducted substantial business activities in California, including marketing and selling products incorporating Plaintiff's invention to California consumers.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) as Defendants have committed acts of patent infringement in this District and maintain regular and established places of business here through their distribution and sale of infringing products.

16. Venue is also proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this District.

## IV.    FACTUAL ALLEGATIONS

### A. Plaintiff's Invention and Development

17. In 2009, Plaintiff conceived and developed an innovative "Portable Cooking Station" design featuring:

   a) Multiple interchangeable cooking surfaces (flat for pancakes/eggs, ridged and tilted for grease drainage from meats, slotted for hot dogs and sausages);

   b) Folding legs for portability and storage;

   c) Dual power capability (electric 110V and propane gas);

   d) Temperature control dials ranging from 200-450 degrees;

   e) Removable grease management system with catch pan;

   f) Compact carrying case design (approximately 24" x 32" x 8").

18. Plaintiff's invention represented a significant advancement over existing outdoor cooking equipment by combining portability, versatility, and innovative grease management in a single unit.

COMPLAINT

19. Plaintiff created detailed written descriptions, sketches, and specifications of his invention, documenting dimensions, materials, functionality, and unique features.

20. Plaintiff's invention was original and novel, representing his independent creative work and technical innovation.

21. Plaintiff maintained his invention concepts as trade secrets by limiting disclosure to only necessary parties under strict confidentiality agreements and marking documents as confidential.

22. True and correct copies of the New Product Sample Agreement, confidentiality agreements, and product renderings are in Plaintiff's possession and will be filed as exhibits upon request by the Court or opposing counsel.

**B. Engagement with Davison Design & Development**

23. In approximately November 2009, Plaintiff contacted Davison Design & Development, Inc. to develop and commercialize his Portable Cooking Station invention.

24. Davison represented itself as an experienced product development company capable of creating prototypes, obtaining patent protection, and securing licensing agreements with major manufacturers.

25. On or about December 15, 2009, Plaintiff executed a Confidentiality Agreement with Davison, explicitly protecting his proprietary invention from unauthorized disclosure or use.

26. On or about August 19, 2010, Plaintiff entered into a "New Product Sample Agreement" with Davison, whereby Davison agreed to:

    a) Develop Plaintiff's invention into a professional product sample;

    b) Create presentation materials and packaging;

    c) Provide information for provisional patent applications;

    d) Present the product to target corporations for licensing;

    e) Maintain strict confidentiality regarding Plaintiff's invention.

COMPLAINT

27. Over the course of approximately 10 years (2009-2019), Plaintiff paid Davison a total of approximately $11,640 for development services, making monthly payments as required under their agreements.

28. Davison initially targeted Char-Broil as the primary corporation for presenting Plaintiff's invention, specifically representing in a letter dated August 13, 2010, that it had made "51 presentations and secured 0 licensing agreements" with that company.

29. In April 2019, through a written Addendum to Agreement signed by Paul Baca as Senior Project Manager, Davison modified the agreement to target "Outdoors Unlimited (Fleming Sales)" instead of Char-Broil.

30. Throughout the development process, Plaintiff worked with multiple Davison representatives, including:

    a) Michael (surname unknown) - initial contact for approximately 2 years;

    b) Paul Baca - Senior Project Manager for approximately 2 years;

    c) An unnamed female representative in the development department;

    d) Frank Vescio - who demanded additional payments in 2020.

31. Davison created presentation materials, renderings, and documentation based on Plaintiff's invention, including:

    a) Integrated Product Rendering presentations;

    b) Executive Summary documents;

    c) Technical drawings and specifications;

    d) Marketing materials branded as "Multi Surface Cooktop Propane Grill."

32. On October 12, 2020, Frank Vescio contacted Plaintiff and on October 24, 2020, specifically demanded an additional $3,995 for an advertising package to present the invention to multiple manufacturers, stating "don't tell me what they told you. Listen to what I'm telling you."

33. When Plaintiff objected that no additional payments were required under their agreement, Vescio became hostile and terminated communication, hanging up the phone.

COMPLAINT

34. Despite Plaintiff's attempts to contact Davison, the company ceased all communication and failed to provide any licensing opportunities or return of Plaintiff's materials.

### C. Discovery of Defendants' Infringement

35. In late 2023, while watching television, Plaintiff became aware that Blackstone Products was manufacturing and selling outdoor cooking equipment that substantially incorporated his Portable Cooking Station invention.

36. Upon investigation, Plaintiff discovered that Blackstone's griddle products, marketed under various model names, include numerous features identical or substantially similar to his original invention, including:

   a) Flat cooking surfaces for versatile food preparation;

   b) Grease management systems with drainage and collection;

   c) Portable design with folding or removable legs;

   d) Temperature control systems;

   e) Side shelves and storage features.

37. Plaintiff is informed and believes that Blackstone has obtained multiple patents for cooking station technologies that incorporate features of his original invention, including U.S. Patent Nos. 12,185,873 ("Outdoor Cooking Station with Griddle, System and Method Thereof"), 12,274,394 ("Heat Channeling System for Outdoor Cooking Station and Method Thereof"), and 12,150,590 ("Griddle Cooking Station with Hood and Method Thereof").

38. These patents, assigned to North Atlantic Imports, LLC and/or Blackstone Products, Inc., claim priority dates after Plaintiff's 2009 invention date and appear to incorporate key features disclosed in Plaintiff's confidential materials provided to Davison.

39. Blackstone's products have achieved significant commercial success, generating millions of dollars in revenue through sales to consumers who recognize the innovative features originally conceived by Plaintiff.

COMPLAINT

40. Upon information and belief, Davison provided Plaintiff's confidential invention materials and concepts to Blackstone or its affiliates, either directly or through intermediary companies, without Plaintiff's knowledge or consent.

41. Upon information and belief, there exists a business relationship or connection between Davison and the other Defendants that facilitated the unauthorized transfer of Plaintiff's proprietary information, as evidenced by the timing of patent filings and product launches following Plaintiff's disclosures to Davison.

### D. Damages and Commercial Success

42. Blackstone's griddle products incorporating Plaintiff's invention features have become highly successful commercial products, generating substantial revenue and market share in the outdoor cooking equipment industry.

43. Blackstone products are widely advertised on television, online, and through retail channels, promoting features that were originally conceived and disclosed by Plaintiff.

44. Plaintiff has been denied any compensation, recognition, or benefit from the commercial exploitation of his invention despite being the original inventor and disclosing his concepts under confidentiality agreements.

45. Defendants' actions have caused significant financial harm to Plaintiff, who would have been entitled to licensing royalties, profits, or other compensation from the legitimate commercialization of his invention.

## 1)  <u>FIRST CAUSE OF ACTION</u>
**(Trade Secret Misappropriation - 18 U.S.C. § 1836 and Cal. Civ. Code § 3426)**
**(Against All Defendants)**

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. Plaintiff's Portable Cooking Station invention concepts, designs, technical specifications, and proprietary information constitute trade secrets under both federal and California law.

48. Plaintiff's trade secrets derive independent economic value from not being generally known to the public and are not readily ascertainable by proper means by others who can obtain economic value from their disclosure or use.

49. Plaintiff took reasonable efforts to maintain the secrecy of this information, including:

   a) Executing confidentiality agreements before disclosure;

   b) Limiting disclosure to only necessary parties;

   c) Marking documents as confidential;

   d) Maintaining control over proprietary materials.

50. Defendants acquired Plaintiff's trade secrets through improper means, including breach of confidentiality agreements and unauthorized disclosure by Davison.

51. Defendants knew or had reason to know that their knowledge of Plaintiff's trade secrets was acquired through improper means.

52. Defendants used and disclosed Plaintiff's trade secrets without authorization for their own commercial benefit.

53. As a direct and proximate result of Defendants' trade secret misappropriation, Plaintiff has suffered damages including lost licensing opportunities, lost profits, and unjust enrichment to Defendants.

54. Defendants' misappropriation was willful and malicious, warranting exemplary damages and attorney fees.


## 2) SECOND CAUSE OF ACTION

### (Breach of Contract)

### (Against Davison Design & Development, Inc.)

55. Plaintiff and Davison entered into valid and enforceable agreements, including the New Product Sample Agreement dated August 19, 2010 and related confidentiality agreements dated December 15, 2009.

56. Plaintiff's invention includes novel and non-obvious elements that were not known or disclosed in the prior art as of his 2009 invention date.

57. Under these agreements, Davison was obligated to: a) Develop Plaintiff's invention according to professional standards; b) Maintain strict confidentiality of Plaintiff's proprietary information; c) Present the invention to target corporations for licensing; d) Use Plaintiff's confidential information solely for the agreed purposes; e) Act in Plaintiff's best interests throughout the development process.

58. Plaintiff fully performed his obligations under the agreements, including making all required payments totaling approximately $11,640.

59. Davison materially breached the agreements by: a) Failing to secure any licensing agreements despite years of representation; b) Disclosing Plaintiff's confidential information to unauthorized third parties; c) Allowing or facilitating the unauthorized use of Plaintiff's invention; d) Demanding additional payments not required under the agreement; e) Terminating communication and abandoning the development project.

60. As a direct and proximate result of Davison's breach, Plaintiff has suffered damages including the loss of licensing opportunities, commercialization of his invention by others, and the value of his proprietary rights.

### 3) **THIRD CAUSE OF ACTION**

**(Fraud)**

**(Against All Defendants.)**

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Defendants made false representations of material fact to Plaintiff, including specifically: a) On August 13, 2010, G. Davison represented in writing that Davison had experience presenting products to corporations and had made "51 presentations and secured 0 licensing agreements" with Char-Broil, when in fact Davison knew it had minimal success in securing licensing agreements; b) Throughout 2009-2020, Davison representatives including Michael, Paul Baca, and Frank Vescio represented that they would maintain confidentiality of Plaintiff's invention when they intended to or did disclose it to third parties; c) In monthly phone calls from 2010-2020, Davison representatives falsely stated that development was progressing when they were not

diligently pursuing licensing opportunities; d) Davison concealed from Plaintiff that it had disclosed or would disclose his confidential invention to competitors or other third parties.

63. Defendants knew these representations were false when made or made them with reckless disregard for their truth.

64. Defendants made these false representations with intent to induce Plaintiff's reliance and continued payments.

65. Plaintiff justifiably relied upon these false representations to his detriment, continuing to make payments and disclosing additional proprietary information.

66. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered damages including the $11,640 paid to Davison, lost licensing opportunities, and commercialization of his invention by others.

67. Defendants' conduct was malicious, oppressive, and conducted with conscious disregard for Plaintiff's rights, warranting punitive damages.

## 4)  FOURTH CAUSE OF ACTION
### (Unjust Enrichment)
### (Against Davison Design & Development, Inc.)

68. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

69. Defendants have been unjustly enriched by their unauthorized use and commercialization of Plaintiff's invention and proprietary concepts through wrongful conduct arising from breach of contract and false pretenses.

70. Defendants have received substantial benefits, including profits from product sales, market share, and competitive advantages, through their use of Plaintiff's intellectual property.

71. Defendants' enrichment was obtained at Plaintiff's expense and without compensation to Plaintiff.

72. It would be inequitable and unjust to permit Defendants to retain these benefits without compensating Plaintiff.

73. Plaintiff is entitled to restitution of the benefits wrongfully obtained by Defendants.


## 5)  FIFTH CAUSE OF ACTION

### (Declaratory Relief - 35 U.S.C. § 256)

### (Against All Defendants)

74. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

75. An actual controversy has arisen and now exists between Plaintiff and Defendants regarding the ownership and inventorship of patents issued to Defendants that incorporate Plaintiff's original invention concepts.

76. Upon information and belief, Defendants have obtained patents based upon inventions that were derived from Plaintiff's original 2009 Portable Cooking Station design and trade secrets disclosed under confidentiality agreements.

77. Plaintiff is the true and first inventor of the subject matter claimed in one or more patents wrongfully obtained by Defendants.

78. Plaintiff seeks a declaration that he is the rightful inventor or co-inventor of the patents identified in this Complaint and that such patents should be corrected to name him as inventor under 35 U.S.C. § 256.

79. Plaintiff further seeks a declaration that any patents obtained by Defendants based upon his original invention concepts are invalid or unenforceable as against him.

80. A judicial declaration is necessary and appropriate to resolve the controversy regarding patent ownership and inventorship.


## 6)  SIXTH CAUSE OF ACTION

### (Copyright Infringement - 17 U.S.C. § 501)

### (Against All Defendants)

81. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82. Plaintiff's original drawings, sketches, written descriptions, and technical specifications of his Portable Cooking Station constitute original works of authorship fixed in tangible medium and protected by copyright under 17 U.S.C. § 102.

83. Plaintiff is the owner of copyrights in these original works and has applied for registration of said copyrights with the United States Copyright Office. Claims under this count are contingent upon completion of copyright registration or are limited to injunctive relief pending registration as permitted by law.

84. Defendants have copied, reproduced, distributed, and created derivative works based upon Plaintiff's copyrighted materials without authorization.

85. Defendants' products and marketing materials incorporate substantial similarity to Plaintiff's original copyrighted works.

86. Defendants had access to Plaintiff's copyrighted works through their relationship with Davison and the confidential materials disclosed during the development process.

87. Defendants' infringement has been willful and with knowledge of Plaintiff's copyright ownership.

88. As a direct and proximate result of Defendants' copyright infringement, Plaintiff has suffered actual damages and Defendants have obtained profits attributable to the infringement.

89. Plaintiff is entitled to recover his actual damages and Defendants' profits, or alternatively statutory damages, attorney fees, and injunctive relief.

## 7)  SEVENTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

### (Against Davison Design & Development, Inc.)

90. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

91. Every contract contains an implied covenant of good faith and fair dealing that prevents either party from destroying or injuring the other party's right to receive the benefits of the contract.

92. Davison breached the implied covenant by acting in bad faith and preventing Plaintiff from receiving the benefits of their agreements, including: a) Making false representations about licensing prospects; b) Failing to diligently pursue legitimate licensing opportunities; c) Disclosing Plaintiff's confidential information to

COMPLAINT

competitors; d) Demanding unauthorized additional payments; e) Abandoning the project without proper notice or return of materials.

93. Davison's conduct was not justified by any legitimate business purpose and was intended to benefit Davison at Plaintiff's expense.

94. As a direct and proximate result of Davison's breach of the implied covenant, Plaintiff has suffered damages as alleged herein.

## 8) EIGHTH CAUSE OF ACTION
### (Conversion)
### (Against All Defendants)

95. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

96. Plaintiff's invention concepts, designs, and proprietary information constitute valuable intangible property rights that arise from wrongful conduct separate from trade secret misappropriation.

97. Defendants wrongfully took, used, and exercised dominion and control over Plaintiff's property without authorization through breach of contract and false pretenses.

98. Defendants converted Plaintiff's property to their own use and benefit, depriving Plaintiff of his property rights.

99. Defendants' conversion was intentional and without justification.

100. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages equal to the value of his converted property and the profits derived therefrom.

## 9) NINTH CAUSE OF ACTION
### (Negligent Misrepresentation)
### (Against All Defendants)

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

101. Defendants made false representations regarding material facts in the course of their business relationships with Plaintiff, including their capabilities, success rates, and confidentiality practices.

102. Defendants failed to exercise reasonable care in making these representations and had a duty to provide accurate information given their position as professional service providers.

103. Defendants had a duty to provide accurate information regarding their services, capabilities, and treatment of Plaintiff's confidential information.

104. Plaintiff justifiably relied upon Defendants' representations in entering into business relationships and disclosing his proprietary invention.

105. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered the damages alleged herein.

## 10) TENTH CAUSE OF ACTION

### (Federal Unfair Competition - 15 U.S.C. § 1125(a))

### (Against All Defendants)

106. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

107. Defendants have engaged in unfair competition by using Plaintiff's invention concepts and proprietary information in interstate commerce without authorization.

108. Defendants' conduct creates a likelihood of confusion, mistake, or deception regarding the origin, sponsorship, or approval of their products.

109. Defendants' unfair competition has damaged Plaintiff's business reputation and commercial interests.

110. Plaintiff is entitled to injunctive relief and damages under 15 U.S.C. § 1125(a).

## 11) ELEVENTH CAUSE OF ACTION

### (Violation of California Unfair Competition Law - Cal. Bus. & Prof. Code § 17200

### (Against All Defendants)

111. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

112. Defendants have engaged in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200 et seq.

113. Defendants' conduct constitutes unlawful business practices by violating patent, copyright, trade secret, and contract laws.

114. Defendants' conduct constitutes unfair business practices by using Plaintiff's proprietary information without compensation and competing unfairly in the marketplace.

115. Defendants' conduct constitutes fraudulent business practices by misrepresenting their intentions and concealing their unauthorized use of Plaintiff's invention.

116. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair competition.

117. Plaintiff seeks restitution and injunctive relief under California Business and Professions Code § 17203.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages according to proof at trial;

2. For lost profits and reasonable royalties resulting from Defendants' patent infringement;

3. For actual damages and Defendants' profits resulting from copyright infringement, or alternatively statutory damages;

4. For declaratory relief regarding patent inventorship and ownership under 35 U.S.C. § 256;

5. For restitution of all benefits unjustly obtained by Defendants;

6. For punitive damages where permitted by law;

7. For preliminary and permanent injunctive relief restraining Defendants from further infringement and unfair competition;

COMPLAINT

8.  For attorney fees and costs where permitted by law, including under 35 U.S.C. § 285, 17 U.S.C. § 505, and 18 U.S.C. § 1836;

9.  For prejudgment and post-judgment interest;

10. For such other and further relief as the Court deems just and proper.

## VI.    **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: ___August 28, 2025___

THE LAW OFFICES OF JAMES L. ARRASMITH

By: *James L. Arrasmith*

JAMES L. ARRASMITH
Attorney for Plaintiff
RONALD O. BROKENBROUGH