UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD O. BROKENBROUGH, | No. 2:25-cv-02523-DJC-JDP |
| Plaintiff, | |
| v. | ORDER |
| DAVIDSON DESIGN & DEVELOPMENT, INC., et al., | |
| Defendants. | |

Defendant Davidson Design & Development, Inc. has filed a Motion to Transfer Venue based on a forum selection clause present in a contract between Defendant Davidson and Plaintiff Ronald O. Brokenbrough. (Mot. (ECF No. 10).) Based on that clause, Defendant Davidson requests that the Court transfer this action to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Plaintiff submitted a late-filed Opposition in which he contends that transfer is improper because (1) only one of four defendants is bound by the forum selection clauses, (2) California has statutory protections "protecting residents from invention promotion fraud," (3) the contracts containing the forum selection clause were procured by fraud, and (4) transfer would deny Plaintiff access to justice. (Opp'n (ECF No. 20) at 2.) Briefing in this matter is

1

complete.  (*See* Mot.; Opp'n; Reply (ECF No. 21).)  This matter was taken under submission without oral argument pursuant to Local Rule 230(g).  (*See* ECF No. 23.)

For the reasons stated below, the Court grants Defendant Davidson's Motion to Transfer Venue.

**LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).  In considering a transfer pursuant to section 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

Typically, in considering a venue transfer, courts "must evaluate both the convenience of the parties and various public-interest considerations[,] . . . weigh[ing] the relevant factors and decid[ing] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interests of justice.'"  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Texas*, 571 U.S. 49, 62–63 (2013) (quoting 28 U.S.C. § 1404(a)).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum."  *Id*. (citation and internal quotation marks omitted).  Under such circumstances, "a proper application of [section] 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases."  *Id*. at 59–60 (internal citation and quotation marks omitted).  Recognized circumstances where a forum selection clause may be deemed unreasonable include: "(1) if the inclusion of the clause in the agreement was the

product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007).

## DISCUSSION

It is undisputed that Plaintiff and Defendant Davidson entered into two contracts, both of which contain forum selection clauses designating a forum in Pennsylvania. (*See* Mot. at 4; *see also* Opp'n at 2.) As such, the Court gives "controlling weight" to those clauses, unless this case falls within the narrow exception of "all but the most exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. at 59–60. Plaintiff bears the burden of meeting this high bar. *Id.* at 63–64. The Court thus starts from a presumption that transfer is appropriate but considers each of Plaintiff's arguments to determine if he has met his burden.[1]

## I. Public Policy

Plaintiff argues that California's Invention Developer Act, codified in California Business & Professions Code §§ 22370–22385, represents a strong public policy "to protect California residents from deceptive invention promotion companies." (Opp'n at 4.) In the Ninth Circuit, courts have generally recognized that transfer is only improper on public policy grounds where (1) there is a total foreclosure of remedy in the transferee forum or (2) transfer "contravenes a policy specifically related to venue." *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1205–06 (C.D. Cal. 2015). Absent total foreclosure, cases in which transfer is found to violate a strong public policy concern state policies that specifically address the venue where such claims can be brought. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497–98 (9th Cir. 2000)

---

[1] The Court notes that in their Reply, Defendant Davidson raised concerns about the accuracy of the citations and quotations used by Plaintiff in his Opposition. Plaintiffs' Counsel are reminded of their obligations under Federal Rule of Civil Procedure 11 and Local Rule 180(e).

(upholding a district court's decision to decline enforcement of a forum selection clause would violate a California policy regarding the venue for certain claims).

Here, Plaintiff has only identified that California has policies protecting residents from invention promotion fraud.  Plaintiff has not established that transfer would result in foreclosure of any remedies or contravene a California policy related to the venue for such claims.  Without any support, Plaintiff asserts that "forcing California residents to pursue remedies 3,000 miles away, effectively negating the consumer protections California enacted." (Opp'n at 4.)  But beyond simply stating the distance, Plaintiff does not identify any reason why transfer would foreclose remedies or violate California policy.  As such, transfer does not contravene a strong public policy.

**II.  Fraud**

Plaintiff also argues that transfer should not be permitted as the two contracts containing the forum selection clauses were "procured by fraud[.]"  (Opp'n at 5.) Importantly though, the recognized basis for declining to enforce a forum selection clause is where "the inclusion of the clause in the agreement was the product of fraud or overreaching[.]"  *Holland Am. Line Inc.*, 485 F.3d at 457.  Thus, Plaintiff's allegation that the contracts were procured by fraud is insufficient. "[A] party seeking to avoid enforcement of the forum selection clause under the first exception must show that the inclusion of the *clause itself* into the agreement was improper; it is insufficient to allege that the agreement as a whole was improperly procured."  *LaCross*, 95 F. Supp. 3d at 1204 (citing *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519 n.14 (1974) and *Batchelder v. Nobuhiko Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998)); *see Scherk*, 417 U.S. at 519 n.14 ("This . . . does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.")  Plaintiff has not established that the inclusion of either

4

forum selection clause was the product of fraud or coercion. Plaintiff instead only argues that Defendants engaged in fraudulent conduct and broadly induced Plaintiff's reliance on Defendants' alleged false representations. (Compl. (ECF No. 1) ¶¶ 61–67; *see* Opp'n at 4–5.) As such, Plaintiff has not met his burden to establish that transfer is inappropriate based on fraud or overreaching.

### III. Denial of Access to Justice

Plaintiff argues that forcing litigation to occur in Pennsylvania would effectively deny Plaintiff his day in court because that forum is on the other side of the country. (Opp'n at 5.) Plaintiff argues that this will result in additional travel costs, counsel fees, and other difficulties that will deny Plaintiff the ability to litigate his claims. (*Id.*) These barriers do not rise to the level of being so "gravely difficult and inconvenient" as to warrant denial of transfer of venue. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 18 (1972). Choice of venue provisions are regularly upheld even where they require plaintiffs to travel thousands of miles across the United States to litigate claims. *See Chudner v. TransUnion Interactive, Inc.*, 626 F. Supp. 2d 1084, 1090-91 (D. Or. 2009); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–88 (1991). The Pennsylvania forum is within the United States and is fully capable of affording Plaintiff his day in court. Plaintiff has not met his burden on this basis.

### IV. Other Defendants

Plaintiff also asserts that transfer of venue is inappropriate because the contracts at issue are only between Plaintiff and Defendant Davidson. (Opp'n at 3-4.) Plaintiff asserts that because Defendants Blackstone Products, Inc., North Atlantic Imports, LLC, and Char-Broil Division of W.C. Bradley Co., have also been sued, transfer based on the forum selection clause in Plaintiff and Defendant Davidson's contract is inappropriate. (*Id.*) Plaintiff states that "[t]he other three defendants oppose transfer and lack minimum contacts with Pennsylvania." (Opp'n at 2.) This appears only partly true as the Court has not received any opposition from Defendant Char-Broil.

5

As an initial point, it is not clear that this is Plaintiff's objection to assert. Section 1404 provides that parties can consent to any venue they so choose. *See* 28 U.S.C. § 1404(a). Plaintiff does not seem to have standing to oppose the transfer of jurisdiction based on the venue preferences of other defendants.

Defendants Blackstone and North Atlantic have filed a Response in which they oppose transfer of the claims against them. (ECF No. 17.) These Defendants argue that "[t]he Western District of Pennsylvania lacks personal jurisdiction over Blackstone and is not a proper venue for the claims against it." (*Id.* at 2.) Thus, they argue that if transfer is granted as to Defendant Davidson's claims, the claims against Defendants Blackstone and North Atlantic should instead be severed and remain in this district.

Notably however, Defendants Blackstone and North Atlantic simultaneously argue that "this District lacks jurisdiction and is an improper venue for those claims as well." (*Id.*) Summarized differently, Defendants Blackstone and North Atlantic argue that personal jurisdiction and venue are improper in both the Eastern District of California and the Western District of Pennsylvania. Thus, it is unclear why it is preferrable for the claims against these Defendants to be severed and remain here, where jurisdiction and venue are still not proper.[2] Instead, given these Defendants' objections to personal jurisdiction and venue are equally present in both jurisdictions, judicial economy counsels for transfer of the entire action to the Western District of Pennsylvania, which can then resolve these issues.

Transfer of venue also seems appropriate given the nature of Plaintiff's claims and the alleged conduct is closely related to the alleged contractual relationship at issue in Plaintiff's claims. *See Holland Am. L.*, 485 F.3d at 456. Defendant Blackstone may ultimately be correct that their "role in this case is minimal, if any at all." (ECF No. 17 at 2.) But as it stands, Plaintiff has alleged that Defendant Davidson and Plaintiff

---

[2] Defendants Blackstone and North Atlantic have filed a pending Motion to Dismiss. (ECF No. 15.) However, given that the Court shall grant transfer of the entire action for the reasons stated in this Order, the Court will not address that motion.

engaged in a contract to develop Plaintiff's "Portable Cooking Station" design. (Compl. ¶ 2–3.) Plaintiff further alleges that Defendants, including Blackstone and North Atlantic, then "wrongfully appropriated Plaintiff's invention and design concepts, incorporating them into commercially successful products . . . ." (*Id.* ¶ 4.) Thus, under the facts alleged the appropriation of Plaintiffs' invention and design concepts arose out of the contractual relationship between Plaintiff and Defendant Davidson. *See Holland Am. L.*, 485 F.3d at 456. As such, invocation of the forum selection clause contained in the contract between Plaintiff and Defendant Davidson is appropriate.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant Davidson's Motion to Transfer Venue under 28 U.S.C. § 1404 (ECF No. 10) is GRANTED; and

2. This action shall be transferred in its entirety to the Western District of Pennsylvania for all further proceedings.

IT IS SO ORDERED.

Dated: __**April 2, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

7